LOBRANO, Judge.
This appeal arises from a judgment on the pleadings in favor of defendant-appel-lee, Dr. R.C. Llewellyn and against plaintiff-appellant, Dr. B.R. Eubanks dismissing Eubanks suit for a deficiency judgment. FACTS:
On July 14, 1983, B.R. Eubanks, Thomas T. Cloke, David S. Cressy, Albert J. Aucoin, Jr. and R.C. Llewellyn signed a partnership agreement creating “740 Esplanade Avenue, A Partnership In Commendam” (The Partnership). The agreement provided that Llewellyn would be a limited partner and the others general partners. Also on that date, Llewellyn signed a continuing guaranty, guaranteeing the negative cash flow of the partnership up to one hundred and fifty thousand ($150,000.00) dollars.
On July 15, 1983, the Partnership purchased the property located at 740 Esplanade Avenue in the City of New Orleans and executed a collateral mortgage and note for Two million ($2,000,000.00) dollars in favor of First City to secure First City’s loan to the Partnership. Subsequently, the collateral mortgage note was pledged by the Partnership to secure certain indebtedness in favor of First City represented by four (4) promissory hand notes in the amounts of one million, three hundred thousand ($1,300,000.00) dollars; seventy thousand ($70,000.00) dollars; one hundred and fifty thousand ($150,000.00) dollars and sixty seven thousand ($67,000.00) dollars.
The Partnership failed to make any payments on the notes and First City commenced executory process foreclosure proceedings on November 29, 1984.
Subsequent to the foreclosure proceedings, Eubanks paid the remaining indebtedness to First City and was assigned their rights to a deficiency judgment. As a re-suit Eubanks was substituted as plaintiff in these proceedings. On February 3, 1986, Eubanks filed a Supplemental and Amending Petition for Deficiency Judgment naming the Partnership, Cloke and Cressy as defendants. On February 14, 1986, Eubanks filed a Second Supplemental and Amending Petition for Deficiency Judgment joining Llewellyn as a defendant. Eubanks’ basis for joining Llewellyn was Llewellyn’s continuing guaranty.
In response Llewellyn filed a Rule for Judgment on the Pleadings predicated upon the legal doctrine of confusion. The trial court granted Llewellyn’s rule and dismissed Eubanks’ claim against him.
The trial court stated:
“As evidenced by the Supplemental and Amended Petitions, Eubanks (as a general partner) was a principal obligor on the note held by First City Bank. As such, he owed indemnity to Llewellyn on his Guaranty. When Eubanks purchased the Bank’s note, the principal debt was extinguished as to Llewellyn, by confusion with Eubanks’ obligation to indemnify Llewellyn.”
It is from this judgment that Eubanks appeals.
Eubanks argues that he is not the principal obligor on any of the Partnership’s obligations, that he did not execute the notes as maker and thus his payment did not extinguish the indebtedness by confusion. He argues that he is entitled to pursue Llewellyn’s guarantee. We agree.
The pleadings show the four notes at issue were executed in the following manner:
NOTE /- — The first and largest note, dated, July 15, 1983, in the amount of One million three-hundred thousand ($1,300,000.00) dollars was executed both on the front and back as follows:
“740 Esplanade Avenue A Partnership Commendam”
s/Thomas T. Cloke
s/David S. Cressy
s/B.R. Eubanks[1]
*717 NOTE 77 — The second note, dated November 22, 1988, in the amount of seventy thousand ($70,000.00) dollars is executed on the front by Thomas T. Cloke and David S. Cressy. Above their signatures appears the partnership name, and in front of their signatures the word “BY” indicating their representative capacity. Cloke and Cres-sy’s signatures appear on the reverse of the note immediately following the “guarantor” language. Although on both the front and back of the note there is a line under which Eubanks’ name is typed, his signature does not appear anywhere on the document.
NOTE 777 — The third note, dated December 20, 1983, in the amount of one hundred and fifty-thousand ($150,000.00) dollars was signed on the front by the Partnership, Thomas T. Cloke and David S. Cressy. The word “BY:” appears before each signature. On the reverse, immediately following the “guarantor” language appears the signatures of Cloke and Cressy. Eubanks’ signature does not appear anywhere on this note.
NOTE IV — The fourth note, dated March 14, 1984, in the amount of sixty seven thousand ($67,000.00) dollars was executed on the front as follows:
“740 Esplanade Partnership”
By: s/Thomas T. Cloke
s/David S. Cressy
s/B.R. Eubanks
The reverse of the note is signed by Cloke, Cressy and Eubanks with no reference to the partnership.[2]
“Confusion of the qualities of ob-ligee and obligor in the person of the principal obligor extinguishes the obligation of the surety.” La.C.C. Art. 1904. A surety who pays the principal obligation is subro-gated to the rights of the creditor and is entitled to reimbursement from the principal obligor. La.C.C. Arts. 3048, 3049. Among co-sureties, the surety who pays the obligation may recover from the other co-sureties. La.C.C. Art. 3056. The surety’s recovery, however, is proportionate to the number of sureties unless the parties agreed otherwise. La.C.C. Art. 3055.
Thus, the threshold issue is whether Eu-banks is a principal obligor (i.e. maker), or surety (guarantor). Mindful that this matter comes to us as a judgment on the pleadings we have only the pleadings and exhibits to review in order to resolve this issue.[3]
Notes II and III were not signed by Eubanks in any capacity. Therefore, there can be no confusion and he certainly can pursue his claim against all the guarantors, including Llewellyn, subject to the limitations in the continuing guarantee. With respect to these two notes Eubanks is in the same position as a third party who purchased the notes from First City and then proceeded against the guarantors.
The record, however, is not clear as to Eubanks’ capacity with respect to Notes I and IV. Eubanks argues that if he signed as principal obligor there would have been no need to sign the reverse of the notes as guarantor. He asserts that his signature as guarantor proves he could not have been a maker. This, however, is not necessarily correct. Because the word “BY:” does not appear before his signature on the front of either note, we cannot say from the pleadings before us that Eu-banks signed in a representative capacity for the partnership or an individual capacity. While it may be true that it is meaningless for a party who is a maker to also sign as a guarantor, that fact does not, in and of itself, prove that he is not a maker.
*718 The argument is also made that the absence of the word “BY:” suggests Eu-banks may be an accommodation party entitled to recourse. See, La.R.S. 10:3-415. Again, this determination cannot be made without evidence which bears on the issue of Eubanks’ capacity when he executed the notes.
For these reasons, we reverse the trial court judgment and remand for further proceedings.
REVERSED AND REMANDED.

. The signatures on the reverse of this note appear after the typed wording which indicates *717 the pledge of the $2,000,000.00 collateral mortgage note. They do not appear immediately following the "guarantor" language on the reverse of the note.

. Their individual signatures appear immediately following the "guarantor" language.

. Code of Civil Procedure Article 965 provides in pertinent part:
“Any party may move for judgment on the pleadings after the answer is filed.... For the purposes of this motion all allegations of fact in mover’s pleadings not denied by the adverse party or by effect of law, and all allegations of fact in the adverse party’s pleadings shall be considered true."